ELLIS, Judge.
In addition to the facts applicable to this case as stated in the companion case of Audubon Insurance Company v. Cunningham (Grain Dealers Mutual Insurance Company) 132 So.2d 657, it is shown that Pellegrin was traveling at approximately 55 miles per hour, had encountered several light patches of fog and upon entering the smog or just prior thereto applied his brakes, which first showed skid marks even with the right front light of the Cunningham car and thence down the highway for a distance of 135 feet where it came to rest in an eastbound traffic lane. As the Cunningham car was approximately 50 to 75 feet within the smog, Pellegrin evidently had concluded to apply his brakes before even entering the smog. Without discussing the testimony in detail, we are convinced that the preponderance of the evidence proves that the right side of the right front parking light and a slight indentation to the right front fender was the extent of the damage to the Pellegrin car as a result of its collision with the Cunningham automobile. It probably struck the extreme right portion of the Cunning *245 ham automobile as it was sitting at an angle and this side protruded further out into the highway than did the left. Furthermore, had he hit the Cunningham automobile other than merely a glancing blow he would have broken the right head light. We are also convinced that he evidently knocked off the right tail light of the Barker ■ear. The Pellegrin automobile shows slight damage, as detailed, to the right side and extensive damage to its left front side and the hood is bent in to the right of the center and the bumper knocked off. This extensive damage was done by the Authement automobile. There is argument that a paint mark shown to the right of the center of the hood was black, which was the same color as the Cunningham car, however, there was direct testimony that this was red paint, which came from the wrecker that towed the car off the highway. There is definite testimony that the paint from the Cunningham car was on the right front and some little on the right side of the Pellegrin car. We are convinced that the only damage to the Pellegrin car in its collision with the Cunningham vehicle was to the parking light and a bent right fender beneath the right headlight and behind the parking light. There is no evidence as to replacement cost of the parking light or repair of the damage to the fender. It is plaintiff’s contention that it should recover for the entire damage to this car even though the Authement car struck it head on and when traveling in Pellegrin’s lane.
We cannot agree with this contention as the sole proximate cause of the extensive damage was the negligence of the operator of the Authement vehicle.
The District Court awarded judgment for the entire damage to the Pellegrin car. The slight damage resulting from the collision with the Cunningham car can be identified and distinguished from the excessive damage resulting from the collision with the Authement vehicle. There being no proof of the damage done by the collision between the Pellegrin and Cunningham cars, there should be no judgment rendered against the defendant in this case.
The judgment of the Lower Court is erroneous and is hereby reversed and the plaintiff’s suit dismissed at its costs.
Reversed.